16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Marino G. CARASSO, Petitioner.
 Misc. No. 270.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Marino G. Carasso petitions for a writ of mandamus to direct the Commissioner of Patents and Trademarks to direct the examiner to withdraw his holding of abandonment and to proceed with Carasso's application on the merits. The Commissioner opposes. Carasso moves for leave to file a reply, with reply attached.
 
 
 2
 In In re Marino G. Carasso, Misc. no. 210, Carasso petitioned this court for a writ of mandamus to direct the Commissioner to direct the examiner to withdraw his holding of abandonment and to proceed with Carasso's application on the merits. This court denied Carasso's petition, explaining that "Carasso has alternative avenues of review available" such as "seeking review in a district court ... or [pursuing] an administrative remedy under 37 C.F.R. Sec. 1.137."
 
 
 3
 Thereafter, Carasso petitioned the Commissioner pursuant to 37 C.F.R. Sec. 1.137 to revive the parent application from abandonment. The petition was dismissed because the petition did not contain "an adequate verified showing of the cause of unavoidable delay," because the petition did not contain a terminal disclaimer and fee, and, in the alternative, because the petition was untimely. Carasso was informed of an option to file a request for reconsideration of the petition but did not file such a request. Carasso thereafter filed the present petition for writ of mandamus.
 
 
 4
 Carasso argues that mandamus is appropriate because, inter alia, the present petition is "virtually foursquare" with our predecessor court's decision in Margolis v. Banner, 599 F.2d 435 (CCPA 1979). The Commissioner states that Carasso still has meaningful alternatives to a writ of mandamus, including seeking relief in a district court from the decision denying his petition to revive the parent application and from the decision holding that the continuation application was abandoned.*
 
 
 5
 "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek" and carry "the burden of showing [their] right to the issuance of the writ is 'clear and indisputable.' " Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations omitted).
 
 
 6
 In Margolis, the Court of Customs and Patent Appeals granted mandamus jurisdiction despite the possibility that the petitioners could seek relief in district court. The Commissioner had argued in Margolis that the petitioners should be required to pursue an action in district court to set aside a finding of abandonment. The Court of Customs and Patent Appeals declined placing such a requirement upon petitioners, noting that "it would place in another court the discretionary power to preserve the prospective appellate jurisdiction of this court" and that it "would also entail unnecessary expenditure of scarce judicial resources." Margolis, 599 F.2d at 443-44. We note that, with the creation of the Court of Appeals for the Federal Circuit, there is no longer a danger that this court would not receive an appeal from a district court's action that arises under the patent laws. Accordingly, in contrast to the circumstances in Margolis, it is not necessary that this court entertain a mandamus petition when the issues can first be addressed by a district court and then by this court on appeal.
 
 
 7
 In sum, we conclude that Carasso has not shown that he lacks "adequate alternative means to obtain the relief" he seeks.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) Carasso's petition for writ of mandamus is denied.
 
 
 10
 (2) Carasso's motion for leave to file a reply is granted.
 
 
 
 *
 The Commissioner cites Dubost v. U.S. Patent and Trademark Office, 777 F.2d 1561 (Fed.Cir.1985) for the proposition that Carasso could seek relief in a district court and that a denial or grant of such relief could then be reviewed by this court. The Commissioner also cites Smith v. Mossinghoff, 671 F.2d 533 (D.C.Cir.1982) for the proposition that Carasso could seek review of the decision dismissing his petition to revive the parent application